United States District Court
Middle District of Florida
Orlando Division


**ADELBERT SETH DEWEES, II,**

> *Plaintiff,*

v.                                                                          **NO. 6:21-cv-328-PDB**


**ACTING COMMISSIONER OF SOCIAL SECURITY,**

> *Defendant.*

---

# Order

Earlier in the case, the Court granted the Acting Commissioner of Social Security's unopposed motion to remand the case, reversed the denial of Adelbert Seth Dewees, II's applications for disability insurance benefits and supplemental security income and, under sentence four of 42 U.S.C. § 405(g) and under § 1383(c)(3), remanded for further proceedings. Docs. 25–27.

Dewees now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $1,569.29 in attorney's fees and $5.86 in expenses. Docs. 28, 33. The Acting Commissioner has no opposition to an award of fees and expenses but opposes the amount of fees requested, challenging the paralegal hourly rate and some hours expended. Doc. 30.

## I.      Entitlement to EAJA Award

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested the fees, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1), (2).

A social security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner has the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Dewees prevailed because the Court ordered a sentence-four remand. Doc. 26. His January 18, 2022, request, Doc. 28, was timely because he made it within 30 days of finality of the October 19, 2021, judgment, Doc. 27. He represents that his net worth did not exceed $2 million when he filed

this case, Doc. 28 at 3, and the Court accepts that representation. His motion includes an assertion that the Acting Commissioner's position was not substantially justified, Doc. 28 at 3–4, and the Acting Commissioner has not attempted to satisfy her burden of showing otherwise. The Acting Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Dewees is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

## II.     Attorney's Fees

Dewees requests these amounts: $214.29 for 1 hour of work by Phyllis Nowlan, Esquire, at $214.29 an hour; $775 for 6.2 hours of work by three attorneys not admitted to practice in the Middle District of Florida at $125 an hour; and $580.00 for 5.8 hours of work by eight paralegals at $100 an hour. Doc. 28 at 4, 6–7; Doc. 33 at 4–5.

## A.     Hourly Rates

The EAJA provides that an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... [it] shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the year of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008), for work

traditionally done by an attorney, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). In an unpublished opinion, the Eleventh Circuit has held that if an attorney is not admitted in a court as required by a local rule, a court does not abuse its discretion by compensating the attorney at a paralegal hourly rate. *Zech v. Comm'r of Soc. Sec.*, 680 F. App'x 858, 860 (11th Cir. 2017).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step is to determine a reasonable market rate. *Id.* A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999). The relevant legal community is "the place where the case is filed." *Id.* at 437. "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Meyer*, 958 F.2d at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

At step one, the plaintiff must produce "satisfactory evidence" that the requested rates accord with prevailing market rates. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "No two lawyers possess the same skills, and no lawyer always performs at the same level of skill." *Id.* at 1300. The parties thus should "provide the court with a range of market rates for lawyers of different skill levels (perhaps as measured by quality and

4

quantity of experience) involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar." *Id.* "Legal skill may be a function of experience, but that is not always the case." *Id.*

Evidence of little or no value in determining a reasonable rate includes a declaration that a rate is reasonable without a detailed basis, expert analysis, or mention of the prevailing market rate; a declaration about an award made outside the relevant community without a showing that the prevailing market rates are the same in both communities; and a declaration about a rate charged by a lawyer without a showing that the rate was charged in a similar case for a similar client by a lawyer of similar skill, experience, and reputation. *Id.* at 1304–05.

A court "is itself an expert" on reasonable rates, may consider its own "knowledge and experience" about reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)). If a court opts to exercise its expertise, the court must consider what it knows for "the type of litigation at bar" and must not determine a fee "with reference to overly generalized motions of the total range of fees for all federal civil litigation." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). The "court should hesitate to give controlling weight to prior awards, even though they may be relevant." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000). If a fee applicant fails to satisfy his burden for a particular timekeeper, the court has options: the court may use its expertise, use the rate for someone with no experience, or exclude the timekeeper's fees altogether.

*See United States v. Patrol Servs., Inc.*, 202 F. App'x 357, 363–64 (11th Cir. 2006) (discussing these options).

If adjusting the cap at step two, a court should use the cost-of-living increase when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *accord United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

Dewees requests an hourly rate of $214.29 for Nowlan and $125 for the three non-admitted attorneys. Doc. 28 at 4. The Acting Commissioner challenges neither. *See generally* Doc. 30.

Regarding Nowlan's rate, she is the only attorney who entered an appearance and for whom Dewees seeks an hourly rate higher than $125. She provides no affidavit on her experience or customary rate, but her experience is reflected in her many appearances in social security cases (almost 50 in the Middle District of Florida). Records of The Florida Bar show she has been a member since 2016. *See* "Find a Lawyer" on www.floridabar.org.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the Court finds the market rate for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from 1996 to the time Nowlan completed work for Dewees. *See* U.S. Dep't. of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited May 4, 2022).

Regarding the non-admitted attorneys' rate, this Court recently awarded an hourly rate of $125 for work by non-admitted attorneys from the Olinsky Law Group. *Barreras v. Comm'r of Soc. Sec.*, No. 6:20-cv-1189-RBD-EJK, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, No. 6:20-cv-1189-RBD-EJK, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021). Dewees provides no information on the non-admitted attorneys' skills, experience, or reputation. Using the Court's discretion, and considering the skills and experience inherent in possession of a law degree and bar membership, the absence of opposition, and the Court's own knowledge and expertise, $125 is within the market rate in Orlando for similar services provided by paralegals of comparable skills and experience and whose reputation is largely unknown. *See* Melissa A. DelGuerico, Esq., Olinsky Law Group, https://windisability.com/about_posts/melissa-a-delguerico-esq/ (biography showing bar memberships) (last visited May 4, 2022); Howard D. Olinsky, Esq., Olinsky Law Group, https://windisability.com/about_posts/howard-d-olinsky-esq/ (biography showing bar memberships) (last visited May 4, 2022); Melissa A. Palmer, Esq., Olinsky Law Group, https://windisability.com/about_posts/melissa-a-palmer-esq/ (biography showing bar memberships) (last visited May 4, 2022).

Regarding the paralegals' rate, Dewees requests a $100 hourly rate. The Acting Commissioner responds that Dewees failed to present satisfactory evidence that a $100 hourly rate for the work of paralegals is within the range of prevailing market rates for similar work in Orlando. Doc. 30 at 6–8.

Dewees argues the paralegals are "very experienced in what they do." Doc. 28 at 7. He asserts the Olinsky Law Group has more than 2,100 federal cases pending, and the paralegals "have had more experience than most over their tenure and may very well be more experienced in working social security cases than any paralegal whose office files in the [Middle District of Florida]." Doc. 28 at 8. The paralegals have zero to four years of experience. Doc. 28 at 6–7. Dewees provides no information on their skills (other than what can be gathered from their experience) or reputation.

As evidence of the prevailing market rate, Dewees submits a 2016 report published by the National Association of Legal Assistants (NALA) showing $122 is the average paralegal hourly rate in the southeastern United States. Doc. 28 at 5; *see* Doc. 28-16 at 22 (NALA report). He also cites a case from the Fort Lauderdale division of the Southern District of Florida, in which the court awarded paralegal fees at an hourly rate of $125. Doc. 28 at 4–5 (citing *Advanced Diabetes Treatment Ctrs., LLC v. Sebelius*, No. 09-61698, 2012 WL 5077155 (S.D. Fla. Sept. 20, 2012), *report and recommendation adopted*, No. 09-61698, 2012 WL 5062415 (S.D. Fla. Sept. 27, 2012)).

Dewees fails to provide satisfactory evidence showing an hourly rate of $100 is the prevailing market rate in Orlando for similar services by paralegals of comparable skills, experience, and reputation. The Southern District of Florida case and the NALA report have little or no value in determining a reasonable rate. Dewees presents no evidence showing the market rate in

8

Orlando is the same as that in Fort Lauderdale. And the NALA report is not specific to social security cases or to the Orlando area. Recognizing Dewees has the burden, and considering hourly rates awarded in recent Orlando social security cases (without giving them controlling weight) and the undersigned's own knowledge and expertise about rates in Orlando for similar services, an hourly rate of $75 is a reasonable hourly rate for the work of paralegals with less than five years of experience and whose skills and reputation are largely unknown. *See, e.g.*, *Cerezo v. Comm'r of Soc. Sec.*, No. 6:20-cv-2001-ACC-EJK, 2021 WL 6297412, at *3 (M.D. Fla. Dec. 17, 2021), *report and recommendation adopted*, No. 6:20-cv-2001-ACC-EJK, 2022 WL 61177 (M.D. Fla. Jan. 6, 2022) (awarding paralegal fees at the requested $75 hourly rate, without objection); *Haskins-Scott v. Saul*, No. 6:18-cv-975-CPT, 2020 WL 474659, at *3 (M.D. Fla. Jan. 29, 2020) (same); *Rivera v. Comm'r of Soc. Sec.*, No. 6:17-cv-2021-CEM-KRS, 2019 WL 1459031, at *2 (M.D. Fla. Jan. 10, 2019), *report and recommendation adopted*, No. 6:17-cv-2021-CEM-KRS, 2019 WL 1453360 (M.D. Fla. Apr. 2, 2019) (same). *But see Barreras*, 2021 WL 3934269, at *3, *report and recommendation adopted*, No. 6:20-cv-1189-RBD-EJK, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021) (awarding paralegal fees at the requested $100 hourly rate, without objection).

## B.     Hours

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Because clerical work is usually subsumed in the rates already charged by lawyers, *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989), courts will exclude or reduce hours for clerical work, *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261

9

(M.D. Ala. 2000). "Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at \*2 (S.D. Fla. Dec. 5, 2017).

Fees for time spent preparing an EAJA request are allowed. *Nelson*, 863 F.2d at 779–80. Fees for time spent preparing a reply to a response to an EAJA request also are allowed. *Matthews v. Colvin*, No. 8:13-cv-1469-VMC-TGW, 2014 WL 6882286, at \*4 n.4 (M.D. Fla. Dec. 4, 2014); *see also Fischer v. Berryhill*, No. 1:14-cv-196-WS-GRJ, 2017 WL 1078446, at \*3 (N.D. Fla. Feb. 21, 2017).

Dewees submits timesheets for the professionals in the Olinsky Law Group who worked on the case. *See* Docs. 28-1 to 28-12. Tasks included drafting the complaint, communicating with Dewees, preparing the EAJA motion, and preparing the reply. *See* Doc. 28-1; Doc. 33-1.

The Acting Commissioner challenges time spent on clerical tasks (1.5 hours) and duplicative tasks (2.7 hours) and asks the Court to exclude "at least 1.5 hours" to account for duplication. Doc. 30 at 5. She also contends that if the Court reduces the fee award, it should exclude fees for time spent preparing the reply. Doc. 30 at 8–10.

1.    *Clerical Tasks*

The Acting Commissioner contends these tasks are clerical: "Files received, reviewed, and processed from referral source for attorney review" (0.6 hours); "FDC contract and other rep documents prepared for Client

10

completion" (0.6 hours); and "FDC contract and other rep documents returned via Right Signature, reviewed for completion" (0.3 hours). Doc. 30 at 4–5. She cites Middle District of Florida cases in which the court excluded as clerical time spent on some of these tasks. *See* Doc. 28 at 3–4.

Dewees responds this Court has found the challenged tasks compensable. Doc. 33 at 1–2 (citing *Goodman v. Comm'r of Soc. Sec.*, 3:17-cv-1127-PDB, 2019 WL 1763205, at *6-7 (M.D. Fla. Apr. 22, 2019) (finding compensable time spent receiving, reviewing, and processing files from the referral source and excluding as clerical time spent mailing the prospect packet—noting it was separate from preparing the packet) & *Duffield v. Colvin*, No. 3:15-cv-1065-MCR, 2016 WL 6037306, at *3 (M.D. Fla. Oct. 14, 2016 (finding compensable time spent receiving, reviewing, and processing files from the referral source and mailing and preparing the prospect packet)).

At the Court's request, Dewees filed a supplemental brief detailing the work done for the entry of "FDC contract and other rep documents prepared for Client completion." Doc. 35. She explains the "FDC packet" contains the retainer and fee agreements, appointment-of-representative forms, an affirmation and waiver of direct payment of EAJA fees, an authorization for release of information, and an application to proceed in forma pauperis. Doc. 35 at 1. Completing the agreements, the affirmation and waiver, and the authorization generally require filling in the client's personal identifying information. Doc. 35 at 1–2. Completing the appointment-of-representative forms additionally requires writing in the type of benefits sought by the client, which is "taken from the documents available to [the law firm] at the time" and "requires the paralegal to look through the documents to find the necessary information." Doc. 35 at 1–2. Completing the application to proceed in forma

11

pauperis requires gathering information from clients, who "generally have difficulty knowing and understanding what is necessary to include in the form and how to complete the form." Doc. 35 at 2. The "paralegals undergo significant training to learn how to complete" these applications. Doc. 35 at 2.

The Court disagrees with the Acting Commissioner that the challenged hours should be excluded as time spent on clerical tasks. Dewees's supplemental brief shows that completing and reviewing the FDC packet requires legal skill. And as to the task concerning the files from the referral source, this Court recently explained, "[B]ecause Olinsky Law Group did not represent him in the underlying administrative proceedings, it is reasonable that a paralegal would prepare the files and review the dates to determine when any court action would be needed and then have an attorney review the file to determine whether there is a basis to appeal the administrative decision." *Goodman*, 2019 WL 1763205, at *7.

## 2.    *Duplicative Tasks*

The Acting Commissioner contends these time entries are duplicative: "EAJA Preparation" (1.5 hours); "Review and finalize EAJA Motion" (0.5 hours); "Finalize EAJA Narrative, Time Slips, Exhibits" (0.6 hours); and "Review EAJA motion and approve" (0.1 hours). Doc. 30 at 5.

Dewees explains the process of preparing an EAJA motion and billing for that work:

> Every time sheet is prepared by a paralegal first to ensure that all time was entered using specific language. The paralegal also must hide time entries that are not properly billed for federal court work. The Litify CMS system is not solely used for EAJA petitions, but also to monitor staff productivity, which means much of [the] time caught by the system

is not included in the petition. The paralegal then creates the EAJA narrative. An attorney must review all time entries to zero out clerical time, reduce any time that is unreasonable, and ensure all time entries that should have been hidden do not appear on the time sheet. Once the time sheets are finalized, the attorney verifies that all information included in the narrative is correct and puts in the amounts based on the finalized time sheets. The paralegal then puts together all of the parts of the EAJA petition, including timesheets, the CPI table, the motion, and the memorandum. After, it is sent to the attorney of record for approval and filing. Each EAJA petition takes several hours, and only a portion of that time is charged. Each time entry is a separate task that is necessary.

Doc. 33 at 2.

The Court disagrees with the Acting Commissioner that the time entries related to preparing the EAJA motion are duplicative. A paralegal spent 1.5 hours preparing the EAJA motion, which an attorney spent 0.5 hours reviewing. Doc. 28-1 at 3. Another paralegal spent 0.6 hours finalizing the motion, which another attorney spent 0.1 hours reviewing. Doc. 28-1 at 3. The time spent preparing the EAJA motion was reasonably expended.

## C.    Reply Fees

Dewees requests $337.50 in fees for 2.7 hours at an hourly rate of $125 for work by two non-admitted attorneys in preparing the reply. Doc. 33 at 4–5. Because the Court agrees with the Acting Commissioner on the paralegal rate issue but disagrees on the other issues, the Court reduces the number of hours by 0.2 hours. (The 0.2 hours are deducted from the time spent by Melissa Palmer, Esquire, as reflected in the table below.)

### D.    Total Fees

Using the modified rates and hours, attorney and paralegal fees totaling $1,399.29 are reasonable:

| Name | Hours | Rate | Total |
|---|---|---|---|
| Phyllis Nowlan, Esquire | 1 | $214.29 | $214.29 |
| Melissa DelGuercio, Esquire (not admitted) | 1 | $125 | $125 |
| Howard Olinsky, Esquire (not admitted) | 2.7 | $125 | $337.50 |
| Melissa Palmer, Esquire (not admitted) | 2.3 | $125 | $287.50 |
| Alycia Carosella, Paralegal | 0.6 | $75 | $45.00 |
| Kimberlee Grovine, Paralegal | 0.4 | $75 | $30.00 |
| Jullian Latocha, Paralegal | 1.4 | $75 | $105.00 |
| Jordan Harcleroad, Paralegal | 0.6 | $75 | $45.00 |
| Nicole Addley, Paralegal | 0.1 | $75 | $7.50 |
| Perry Wilson, Paralegal | 0.6 | $75 | $45.00 |
| Catherine Fiorini, Paralegal | 1.5 | $75 | $112.50 |
| Jake Marshall, Paralegal | 0.6 | $75 | $45.00 |

The Court leaves to the Acting Commissioner's discretion whether to accept Dewees's assignment of EAJA fees, Doc. 28-14, after determining whether he owes a federal debt.

### III.    Expenses

Besides fees, the Court "shall" award any "other expenses." 28 U.S.C. § 2412(d)(1)(A). Postage fees are compensable if "necessary to the preparation of the prevailing party's case." *Nelson*, 863 F.2d at 777–78.

Dewees seeks $5.86 in expenses to mail service-of-process documents to the Clerk. Doc. 28 at 8; *see* Doc. 28-13. The Acting Commissioner has no objection to the request. *See generally* Doc. 30.

Because postage fees are a compensable expense and the request is unopposed, the Court finds the amount reasonable and the expense necessary to prepare the case. This Court has awarded similar postage expenses. *See Merritt v. Berryhill*, 8:17-cv-2-MSS-TGW, 2017 WL 6547731, at \*2 (M.D. Fla. Nov. 22, 2017), *report and recommendation adopted*, No. 8:17-cv-2-MSS-TGW, 2017 WL 6512639 (M.D. Fla. Dec. 20, 2017); *Duffield*, 2016 WL 6037306, at \*4.

## IV.   Conclusion

Because Dewees is eligible and the requested attorney's fees, as modified, and expenses are reasonable, the Court **grants** in part the motion for EAJA fees and expenses, Doc. 28, to the extent it **awards** Dewees $1,399.29 in attorney's fees and $5.86 in expenses and **directs** the Clerk to enter judgment in favor of Adelbert Seth Dewees, II and against the Acting Commissioner of Social Security for $1,399.29 in attorney's fees and $5.86 in expenses.

**Ordered** in Jacksonville, Florida, on May 4, 2022.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*